UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FOX INDUSTRIES, INC.,

                    Plaintiff(s),                    **ORDER**
                                                                         CV 03-5166 (TCP) (WDW)

       -against-

LEONID GUROVICH, et al.,

                    Defendant(s).
----------------------------------------------------------------X
**WALL, Magistrate Judge:**

       Before the court are: (1) plaintiff's Motion for Rule 11 Sanctions and an Award of Attorney's Fees and Costs (#167); (2) plaintiff's Motion to Quash Subpoenas, to Vacate Deposition Notices, for a Protective Order, and For an Award of Attorney's Fees, Costs and Sanctions (#168); (3) defendants' Cross Motion for Full Discovery and an Award of Attorney's Fees, Costs and Sanctions (#172 &173); ( 4) the plaintiff's proposed form of order regarding motions 1, 2, & 3 (#179), the defendants' opposition to the proposed form of order (#180) and the plaintiff's response to the defendants' opposition (#182); (5) defendants' Motion to Enforce Compliance with the Court's July 15, 2005 Order and for other relief (#177); (6) plaintiff's cross-motion for bifurcation of the liability and damages phases of trial (#183); and (7) plaintiff's letter motion to compel the deposition of Leonid Gurovich (#185). Also before the court is the plaintiff's application for attorney's fees related to the motion to quash, awarded from the bench at a hearing on August 12, 2005. That application will be determined in a separate order.

       For the reasons set forth herein and at the hearing held on August 12, 2005, the plaintiff's motion for Rule 11 sanctions is denied; the plaintiff's motion to quash and for attorney's fees is granted in part and denied in part and costs awarded; the plaintiff's application for sanctions for the defendants' abuse of process is granted; the plaintiff's proposed form of order is rejected in

favor of this order; the defendants' cross motion is denied; the defendants' motion to enforce is granted in part and denied in part and costs awarded; the plaintiff's cross motion for bifurcation is denied without prejudice to renewal before Judge Platt; and the plaintiff's motion to compel the continued deposition of Leonid Gurovich is granted, with dates set for the Gurovich and Richardson depositions.

## BACKGROUND

On or about July 11, 2005, the defendants served Notices of Deposition upon Oral Examination on twelve non-parties, entities that Fox describes as its "largest, international market customers and suppliers." Pl's Mem. in Supp. at 2; Richardson Aff. ¶4 & Ex. A. The defendants deny that this description is accurate. Schwarz Aff. at ¶9. The depositions were noticed to take place at the Federal Courthouse in Central Islip on August 5, 2005, at fifteen minute intervals.[1] The notices state that "a copy of the subpoena is attached as Exhibit A." The plaintiff states that no copies of "Exhibit A," that is, no copies of the subpoenas, were included in the copies of the notices that were served on Fox, and that no copies have since been provided by defendants, despite requests to the defendants that they produce them. Saffer Aff. ¶7. The defendants deny this, and state that copies of both the notices and subpoenas were served on Fox's counsel. Schwarz Aff. in Supp. of Cross Motion ¶¶8-11. The plaintiff states that it acquired copies of the subpoena only from one or more of the recipients. Richardson Aff., Ex. C.

The plaintiff also learned, through counsel for Kerr-McGee, one of the recipients, that included along with the notices and subpoenas were copies of an affidavit by defendant Leonid

---

[1] Two of the depositions are scheduled for 12:45 a.m. (Renner DuPont) and 1:45 a.m. (NN Ball & Roller). The court assumes these are typos. There were no notices of deposition in the record for noon or 1:00 p.m. on August 5.

2

Gurovich that had been submitted by the defendants on an interlocutory appeal to the Second Circuit in this matter. In his affidavit, Mr. Gurovich, *inter alia*, accuses Charles Richardson, the principal of plaintiff Fox Industries, of fraud, money laundering, tax evasion and other offenses, and asserts that Richardson is under investigation by the United States Attorney's Office. *See* Gurovich Aff., annexed to Richardson Aff. as Ex. B. Copies of the affidavit had not been included with the copies of the notices served on the plaintiff by the defendants and the plaintiff learned of the affidavit only through outside sources. Richardson Aff. ¶7. The defendants do not deny this fact. Fox says that copies of the affidavit were attached to the subpoenas. *Id.* Mr. Schwarz, counsel for the defendants, states that the affidavit was not attached, merely included in the same packet as the notices and subpoenas. Tr. 16:11-12. Neither the notices nor the subpoenas make reference to the Gurovich affidavit. On July 22, two additional non-parties, Lloyd International Shipping and Barclay's Bank, were sent similar notices and subpoenas, returnable on August 4 in the Central Islip Courthouse. *See* Richardson Aff., Exs. F &G. It is unclear whether copies of the Gurovich affidavit were annexed to those notices, but the court assumes so.

The subpoenas served on July 11th seek disclosure of various documents for the period January 1, 1998 through the present, including copies of purchase orders to Fox, invoices from Fox, check payments to Fox, and computerized records, databases and reports relating to purchases from or payments to Fox. The subpoena to Lloyd's Shipping served on July 22nd seeks various shipping documents and other data relating to Fox shipping activities, invoices, check or wire transfer records and customs information. *See* Richardson Aff., Ex. F. The subpoena to Barclay's Bank, also served on July 22nd, seeks disclosure of information about

3

Fox's and Charles Richardson's bank accounts for the period January 1998 to the present.

By letter of July 18, 2005, counsel for the plaintiff, Michael Saffer, contacted Mr. Schwarz and asked that the subpoenas be withdrawn because they sought trade secrets and other confidential information and because the inclusion of the Gurovich affidavit with the subpoenas was done in bad faith. Saffer Aff., Ex. B. By letter of July 20, 2005, Mr. Schwarz refused to withdraw the subpoenas on those grounds, arguing that they did not seek proprietary information and that the Gurovich affidavit was not sent in bad faith. 7/20/05 Schwarz Letter, annexed to Saffer Aff. as Ex. C. Noting Saffer's objection to the subpoenas on the ground that most of the recipients are located more than 100 miles from the courthouse, Schwarz agreed, however, to withdraw the subpoenas to those entities and to re-serve them in compliance with Federal Rule of Civil Procedure 45(b). *Id.* The plaintiff's motions to quash the subpoenas and for sanctions followed.

By order dated July 29, 2005, the undersigned stayed the notices and subpoenas, pending resolution of the motions (#169). Defendants' counsel was directed to notify the recipients of the notices in writing of the order and to electronically file copies of the notices with the court. The defendants duly complied with the order, filing copies of the required notices on August 1, 2005 (#170). Subsequently, the defendants filed their opposition and cross motion. A hearing was held on August 12, 2005. On the morning of August 12, the defendants filed their Motion to Enforce compliance. The plaintiff's opposition to that motion, along with its cross motion for bifurcation, was filed on August 18. The plaintiff's motion to compel the deposition of Leonid Gurovich was filed on August 25. The defendants' six page reply to the plaintiff's opposition to defendants' Motion to Enforce Compliance and opposition to the plaintiff's motion for

bifurcation was filed on August 29, as was the plaintiff's application for attorney's fees and costs on the motion to quash.

**DISCUSSION**

**1) Plaintiff's Motion to Quash:**

    **a.) Use of a motion on notice was proper:**

As a threshold issue, the court notes that the plaintiff's use of a motion on notice was not improper or in violation of any orders of the court, as the defendants claim. Although letter motions are the usual form employed in regard to discovery issues because they generally are resolved more quickly than more formal motions and do not require a separate memorandum of law, parties may, if they choose, use a motion on notice instead. Moreover, Mr. Saffer, plaintiff's counsel, called chambers prior to filing the motion to confirm that he could use a motion on notice and was assured that he could do so.

In arguing that plaintiff's motion should be rejected, counsel for the defendants cites to provisions that do not appear in the undersigned's current Individual Rules, effective May 16, 2005. *See* Schwarz Aff. in Supp. of Cross Mtn. ¶¶4-7. Those rules plainly state that "[d]iscovery or other non-dispositive motions <u>may</u> be made by letter motion," and that "[a]lthough parties are encouraged to make discovery and other non-dispositive motion by letter pursuant to Local Rule 37.3, such motions may be made on notice pursuant to Local Civil Rule 6.1 . . . . <u>No pre-motion conference is required</u>." WDW Individual Rules, 3(A)(I) & (ii) (emphasis added). Any suggestion to the contrary in other court orders was unintentional.

The Rules also require that legal argument "must be set forth in a memorandum of law - affidavits or affirmations containing legal argument will be rejected," a rule that was not

5

followed by the defendants. *See* WDW Individual Rules, 3(C) (ii). The court now turns to the substance of the motion.

**b.) The customer/supplier subpoenas are quashed and the notices vacated:**

The plaintiff argues, first, that the information sought in the subpoenas constitutes Fox Trade Secrets and that they should be quashed pursuant to Federal Rule of Civil Procedure 45 (c)(3)(B)(I) and 26(c)(1) & (7). Pl's Mem. in Supp. at 6. Fox argues, further, that because the subpoenas seek information for time periods after Gurovich left Fox's employ in January 2003, the information sought would reveal Fox's current pricing structure and enable the defendants to "gain a fresh foothold in their efforts to undercut Fox's prices." Pl's Mem. at 8. Fox also argues that the discovery sought in the subpoenas is unrelated to claims and defenses pending before the Court. The defendants argue that the discovery sought is permissible under the liberal standards of the Federal Rules and that the issue of Richardson's credibility renders Gurovich's allegations that he is a tax cheat relevant. They also suggested at oral argument that the information sought is relevant to Fox's damages claim. Tr. 22:22-24; 23:9.

The undersigned finds that defendants have presented no basis for their entitlement to the information sought in the subpoenas. The gist of their argument is that the subpoenas will help them to prove the allegations in the affidavit, and thus allow them to impeach Richardson's credibility. Gurovich's unproven allegations about Richardson's criminal activities are utterly irrelevant to the issues in this lawsuit and the court will not allow the defendants to turn this lawsuit into a trial of Charles Richardson on the grounds advanced by Leonid Gurovich. Further, the defendants have not demonstrated the relevance of the information sought to damages issues, which are discussed *infra* at section 4, or any other issues that are actually before the court,

including Richardson's credibility as to the issues before the court. For these reasons, the subpoenas were quashed in an oral ruling at the hearing on August 12, 2005, and that ruling is reiterated here.

As also held at the hearing, in future, if the defendants seek to serve any non-party subpoenas, such subpoenas must first be submitted to the court for approval and must be accompanied by a written statement of the relevance of the information sought, which can be challenged by the plaintiff. And, any attachments that the defendants plan to serve with the subpoenas must, of course, also be presented to the court for its review.

**c.) Motion for a Protective Order:**

The court does not make a finding that the kind of information sought in the subpoenas is per se confidential or comprised of trade secrets, and no general protective order is granted. Those issues will be considered in the context of individual subpoenas that the defendants may seek to serve in the future.

**d.) Abuse of Process Claim:**

As noted at the hearing, the inclusion of the Gurovich affidavit with the notices and subpoenas was, in this court's opinion, sanctionable, and "as outrageous [an] abuse of process as I have seen in this court since I have been here." Tr. 39:7-10. At the hearing, the court was using the term "abuse of process" not as a term of art but as a descriptive phrase, and turns now to the question of whether these circumstances rise to the level of abuse of process as a defined cause of action.

Fox claims that the defendants' service of the Gurovich affidavit on the non-parties was an abuse of process. An abuse of process claim has three elements: (1) regularly issued process,

either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective that is outside the legitimate ends of the process. *See Cook v. Sheldon,* 41 F.3d 73, 80 (2d Cir. 1994) (citing *Curiano v. Suozzi,* 63 N.Y.2d 113, 116 (1984)) (additional citations omitted); *see also O'Brien v. Alexander,* 898 F. Supp. 162 (S.D.N.Y. 1995)). The court finds that the inclusion of the Gurovich affidavit with the subpoenas, which are "regularly issued process," demonstrates an intent to do harm without justification or excuse, and to obtain a collateral objective outside the legitimate ends of the process, that collateral objective being the embarrassment of Richardson and harm to his business interests.

Considering an abuse of process claim in the context of a Section 1983 claim, where the process was the instigation of a criminal proceeding against the plaintiff by the municipal defendants, the Second Circuit noted that "the New York Court of Appeals has made clear that '[a] malicious motive alone . . . does not give rise to a cause of action for abuse of process.'" *Savino v. City of New York,* 331 F.3d 63, 77 (2d Cir. 2003) (citing *Curiano*, 63 N.Y.2d at 117) (additional citations omitted)). To prove a claim for abuse of process, improper motive is not enough; instead, a plaintiff must demonstrate that the defendants also had "an improper *purpose*" in initiating the process. *Savino,* 331 F.3d at 77. Here, the court finds that inclusion of the inflammatory affidavit demonstrates both the defendants' malicious motive and the improper purpose of causing personal and business harm to Richardson. Mr. Schwarz's claim that he included the affidavit in the packet with the notices and subpoenas "for the sole purpose of letting these vendors know why these documents are subpoenaed," is simply not credible. Tr. 16:15-17. The malicious motive finding is buttressed by Schwarz's failure to include copies of

8

the Gurovich affidavit in his service on Fox of his communications with the non-parties.

Schwarz's claim that even if the defendants' "sole basis for seeking disclosure of the documents identified on the Subpoenas" was to "'advance Gore's allegations of criminal and other wrongful conduct on the part of Fox . . .' and impugn their credibility, . . . this information would be clearly discoverable under the [liberal federal]discovery standard." Schwarz Aff. ¶19. The court firmly disagrees. Even accepting Mr. Schwarz's claim that the "sole purpose" of including the affidavit was "to let the vendors know why" the documents were being subpoened, there has been an abuse of process. This lawsuit does not involve the issues or allegations about Charles Richardson raised in the Gurovich affidavit and, as noted *supra*, the court will not allow the trial in this matter to turn into a trial of Richardson on Gurovich's charges. Serving subpoenas to get documents that have no relevance to the issues in the action in which they were served, but which are instead designed to gather information on unproven, inflammatory claims against the plaintiff is, under the circumstances herein, an abuse of process. The use of the Gore affidavit in conjunction with a subpoena to non-parties in this action was a clear use of process "in a perverted manner to obtain a collateral objective that is outside the legitimate ends of the process."

These findings do not, as the defendants suggest, implicate anyone's "constitutional" rights. Tr. 17:10-19. It is the inclusion of the affidavit with subpoenas that Schwarz served as an officer of the court, process that the undersigned finds was intended to give the affidavit the appearance of having the court's imprimatur, that has resulted in sanctions, not Gurovich's statements about Richardson in and of themselves. This is so whether the affidavit was attached to the subpoena, or, as the defendants argue, merely included in the same envelope, and the court

9

takes no position on Gurovich's right to disseminate statements about Richardson outside the context of process used in this lawsuit. Moreover, it is Mr. Schwarz, and not Mr. Gurovich, who is liable for the abuse of process.

**e.) Sanctions:**

As announced from the bench at oral argument on August 12th, the defendants must pay the plaintiff for the costs of the motion to quash, including attorney's fees. The plaintiff has submitted an application for those fees, and it will be addressed in a separate order.

Moreover, the court sanctions Mr. Schwarz for his abuse of the subpoena process, in the amount of $500 per subpoena, payable to the plaintiff, for a total award of $7000.[2] This sanction is imposed pursuant to Federal Rule 26(g) (2), which allows the court to impose "an appropriate sanction" for a discovery request that was interposed for an improper purpose, and pursuant to the inherent power of the court.

**f.) The Mann/Jiminez Subpoenas:**

The court also quashes the subpoena of Maria Jiminez, as ordered from the bench on August 12, but will not quash the subpoena/deposition of Robert Mann. In Fox's letter dated August 15th, counsel for Fox asks the court to quash the document subpoena served on Mann while allowing Mann's deposition to go forward, arguing that the documents listed in the subpoena are confidential and/or trade secrets. As noted earlier, the court makes no finding that the categories of documents sought in the non-party supplier/customer subpoenas are per se trade secrets, and cannot make such a finding as to Fox documents in the possession of Mr. Mann

---

[2] This assumes that the affidavit was included with the twelve subpoenas served on July 11 and the two subpoenas served on July 22.

without knowing what they are. The court orders Mann to produce the Titon Industries materials demanded in the subpoena, but will stay production of the other demands. After Mann has been deposed and the defendants have had an opportunity to ask him about the types of documents and computer records that he has, the defendants may, if they wish, renew their application with an explanation of why they need the documents and computer records in his possession, and, if need be, continue his deposition. Thus, Robert Mann is ordered to comply with paragraph (1) of the document subpoena within two weeks of the date of this order, and to appear for a deposition no later than the week of October 3.

**2.) Plaintiff's Rule 11 Motion and Defendants' Cross Motion for "Full Discovery":**

The court declines to impose sanctions pursuant to Rule 11 at this time, finding that the defendants' inclusion of the affidavit is more properly considered an abuse of process .

The court denies the defendants' cross motion "for full discovery" and sanctions. Although the defendants call their papers a cross motion, the argument is, in essence, an argument against the quashing of the subpoenas.

**3.) Defendants' Motion to Enforce Compliance:**

The defendants state that the plaintiff has failed to make timely initial disclosures or to respond to the defendants' First Request for Production of Documents, in violation of this court's July 15 order that the parties comply with all outstanding discovery obligations by August 8, 2005. Mr. Schwarz reports that, after phoning Mr. Saffer, he received Fox's initial disclosures, which were lacking sufficient information about the calculation of damages, and revised disclosures have not been forthcoming. The defendants now seek an order "compelling (i) submission of appropriate damage computations and documents required by Fed. R. Civ. P.

26(a)(1); (ii)the immediate production of documents by Fox pursuant to Gurovich's First Request for the Production of Documents served on March 22, 2004," along with various sanctions. 8/12/05 Schwarz Letter at 2-3. The defendants also raise issues about the deposition of Charles Richardson, which are relevant to the plaintiff's motion dated August 25, 2005 and are discussed *infra* at section 5.

The plaintiff opposes the motion, by letter dated August 18, 2005, arguing that it should be denied as moot[3]. Fox states that it produced its initial disclosures on August 10, and that the two day delay in complying with the July 15 order was "excusable under the circumstances." The court does not agree. If Fox needed an extension of the August 8 deadline, it should have asked for one. Fox's counsel claims that it did provide a written response to the document demand on August 18, 2005. Because the plaintiff has not established substantial justification for its failure to comply with the July 15 order, the defendants are awarded the costs of the motion, pursuant to Federal Rule 37, and shall submit a statement of those costs and attorney's fees, with appropriate documentation, within seven days of the date of this order.

The court notes that this award of costs, as well as the award of costs to the plaintiff on its motion to quash, will be subject to an analysis of how successful each party was on its motion, both of which were granted in part and denied in part.

---

[3]The court notes that the six page letter filed by the defendants on August 29 (#191) is improper. It is designated as a reply to Fox's opposition to the defendants' Motion to Compel and as opposition to Fox's motion to bifurcate. Replies to letter motions such as the defendants' are not allowed pursuant to the Local Rules and the undersigned's Individual Rules. Further, letter motions and responses to letter motions must be limited to three pages. Here, 5 pages were devoted to the "reply to the opposition" aspect of the letter, and half a page each to the motion to bifurcate and the Fox motion to compel Gurovich's deposition.

**4.) Fox's Computation of Damages and Cross-Motion to Bifurcate:**

Part of Fox's complaint in its Motion to Enforce Compliance is the claim that Fox has failed to provided the requisite information about its computation of damages. In response to this claim, Fox notes that Rule 42(b) provides a court with the discretion to order a separate trial on damages and cross-moves for such bifurcation. The cross-motion is denied without prejudice to renewal before Judge Platt, and the plaintiff is ordered to produce documents related to its contemplated computation of damages, subject to an appropriate protective order, within two weeks of the date of this order. It may be that the plaintiff does not yet know the amount of damages it has suffered, and the court makes this ruling mindful of the plaintiff's charges that its proof of damages will be hampered by the defendants' failure to disclose their violations of the Preliminary Injunction. Nonetheless, both parties are required to meet their disclosure obligations, and the plaintiff must make some effort to demonstrate how it plans to calculate its damages.

**5.) Motions Regarding the Richardson/Gurovich Depositions:**

In their Motion to Enforce Compliance, the defendants state that they asked plaintiff's counsel for a date on which to depose Charles Richardson during the last week of August, pursuant to a Notice of Deposition served on May 7, 2004, promising to have Mr. Gurovich available the following week for a second day of deposition, but that no response was forthcoming. Thus, they request a date certain for Richardson's deposition. The plaintiff opposes the request for a date certain, noting that they served Gurovich with a Notice of Deposition on November 18, 2003, and that the undersigned stated at the hearing on August 12 that there is no fixed priority of party depositions in federal practice, and that the depositions

should proceed in the order in which the deposition notices were served.  Indeed, Mr. Gurovich did appear for one day of deposition on December 17, 2003, but the deposition is not complete.  Thus, plaintiff argues, Gurovich's continued deposition should commence before Richardson's deposition starts.

By letter motion dated August 25, 2003, the plaintiff seeks an order compelling that result, stating that Mr. Schwarz has refused to produce Gurovich for his continued deposition until after Richardson has been deposed.   Fox asks that the court compel Gurovich to appear for his continued deposition prior to September 15, 2005, with Mr. Richardson's deposition to follow.   In his letter of August 29, 2005, Mr. Schwarz insists that the Gurovich deposition does not need to go first because deposition notices "do not have an indefinite shelf life" and Fox did not timely proceed with the continuation of the Gurovich deposition.

The plaintiff is correct that the undersigned stated, at the August 12th hearing, that there is no priority of deposition in federal court, and whichever deposition was noticed first would be the first deposition. Tr. 42:8-12.  The court  applies that general rule to the continuation of the Gurovich deposition.  Mr. Gurovich shall make himself available for his deposition, to be held in the federal courthouse in Central Islip, during the week of September 12, 2005.  Mr. Richardson shall make himself available for his deposition within one week of the completion of Gurovich's deposition, Richardson's deposition also to be held in the Central Islip Courthouse.

Dated: Central Islip, New York  **SO ORDERED:**
      September 1, 2005

                                                  s/ William D. Wall
                                                  WILLIAM D. WALL
                                                  United States Magistrate Judge