UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FOX INDUSTRIES, INC., et al.

                               Plaintiff(s),                 **ORDER**
                                                                     CV 03-5166 (TCP) (WDW)

       -against-

LEONID GUROVICH, et al.,
                             Defendant(s).
----------------------------------------------------------------X

**WALL, Magistrate Judge:**

Before the court is a letter motion by the plaintiff dated September 12, 2005 (Docket # 199), seeking two forms of relief: 1) an order that the defendants have waived their right to attorney's fees; and 2) Rule 11 sanctions for the defendants' recent filing of several answers and amended answers to the second amended complaint. The motion is opposed by the defendants by letter dated September 15, 2005 (Docket # 204). For the reasons set forth herein, the motion is denied, but the plaintiffs' proposed confidentiality order is adopted.

**Problems with ECF Docketing:**

Before the court addresses Motion # 199, it must address the continuing problems with the attorneys' electronic docketing. The most recent flurry of submissions, docket entries originally entered as 206, 207 and 208[1], were incorrectly docketed in several ways. Entry number 206 purports to be objections to a report and recommendation, number 158, filed on September 1. The report and recommendation filed as number 158 was docketed on June 2, not September 1, and any objections to it would now be untimely. The document filed on September 1 was an order, not a report and recommendation, and thus no objections to it can be filed.

---

[1] Prior to the issuance of this order, the court corrected the entries and the numbering has changed. See *infra*.

Apparently recognizing this, on September 15 the defendants also filed two other entries. Docket number 207 was a brief in support of a motion for reconsideration. It appears to be, in substance, duplicative of the erroneously filed objections. Docket number 208 was a notice of motion for reconsideration of the September 1 order. Because of the separate docketing of these two documents, the docket reflected not one motion for reconsideration by the defendants, but two.

Motions should be docketed as one entry, with relevant attachments. For example, the primary entry would be a Notice of Motion or a Motion and the attachments would be affidavits and a memorandum of law. The attorneys are responsible for mastering the ECF system, and the court staff is spending far too much time correcting the attorneys' errors. Indeed, prior to the issuance of this order, the undersigned's staff deleted the document originally filed as #206, and changed the description of the document originally filed as #207 so that there is now only one motion reflected in the docket, not two. Future submissions that do not comply with ECF requirements will be rejected. Counsel can seek additional training from the Clerk's office if need be.

**The Proposed Confidentiality Order:**

The plaintiffs note that the September 1 order directed them to produce documents relating to their damages calculations, subject to an appropriate confidentiality order, within two weeks of the date of the order. They claim that they faxed a proposed order to the defendants on September 7 but that they had not heard back from them as of the date of the motion, September 12, 2005. They submitted the proposed confidentiality order to the court for review. The court subsequently stayed the production of the documents, pending review of the proposed order.

In their opposition to this motion, the defendants raise several objections to the proposed

order. The court has considered those objections, but adopts the plaintiffs' proposed order. The plaintiffs shall complete their production of relevant documents by September 26, 2005.

**Alleged Untimely Application for Fees:**

The plaintiffs argue that the September 1 order required the defendants to file documents in support of attorney's fees within seven days of the date of the order. The defendants made their submission on September 13, 2005[2]. The plaintiffs argue that the submission was untimely and the right to fees was waived. The court disagrees. Federal Rule of Civil Procedure provides that in computing a period of time set forth in an order, the day of the order is not included and that the last day of the period is included unless it falls on a weekend or a legal holiday. Fed. R. Civ. P. 6(a). It further provides that when, as here, the period of time prescribed "is less than 11 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation." *Id.* Labor Day is included in the list of legal holidays. Thus, the last day on which the defendants could submit their documentation was September 13, the day on which the documentation was, in fact, submitted, and this prong of the plaintiffs' motion is denied.

**Application for Rule 11 sanctions:**

The plaintiffs ask that their letter motion be considered as a motion pursuant to Rule 11 "for an award of attorneys' fees and costs arising from defendants' filing of three different answers over a ten day period that has compelled Fox to needlessly incur attorneys' fees and costs." A Rule 11 motion is not properly made in a letter motion and should be made to the District Judge. Thus, the motion is denied without prejudice to renewal before District Judge

---

[2] The submission is dated, on its face, September 12, 2005. The docketing receipt however, is dated September 13.

Platt.

Dated: Central Islip, New York
September 19, 2005

**SO ORDERED:**
s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge