UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FOX INDUSTRIES, INC., et al.

                          Plaintiff(s),                **ORDER**
                                                       CV 03-5166 (TCP) (WDW)

           -against-

LEONID GUROVICH, et al.,
                          Defendant(s).
-----------------------------------------------------------X

**WALL, Magistrate Judge:**

Before the court are applications in support of attorney's fees awarded to both parties in

the undersigned's order dated September 1, 2005. For the reasons set forth herein, the

defendants' application is temporarily denied pending their submission of contemporaneous time

records and the plaintiffs are awarded $15,000 in attorney's fees and costs.

## DISCUSSION

The facts underlying the award of fees and costs are set out in the September 1 order and

need not be repeated here, where the only issue is the amounts to be awarded. The plaintiffs are

seeking $30,332 in attorney's fees and $471.47 in costs, and the defendants are seeking $1,225 in

attorney's fees.

In this Circuit, attorney's fee awards are determined by calculating the "lodestar" figure,

which is based on the number of reasonable hours expended, multiplied by a reasonable hourly

rate. *See Cruz v. Local Union No. 3 of the Int'l Brotherhood of Elec. Workers,* 34 F.3d 1148,

1159 (2d Cir. 1994) (citing *F.H. Krear & Co. v. Nineteen Named Trustees,* 810 F.2d 1250, 1263

(2d Cir. 1987)). The party seeking reimbursement bears the burden of proving the

reasonableness and necessity of hours spent and rates charged. *See generally, New York State*

*Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983). To this end, a fee application must be supported by contemporaneous time records that describe with some specificity, by attorney, the nature of the work done, the hours expended, and the dates. *Id.* at 1147-48.

The Supreme Court has found that counsel is not required to record each moment's work in detail, but should identify the general subject matter of the time expended. *Hensley v. Eckerhart,* 461 U.S. 424, 437n.12 (1983). A fee applicant can, for example, rely on monthly computer printouts that are based on contemporaneous entries to satisfy the time record requirement. *See Cruz,* 34 F.3d at 1160-61; *see also Mautner v. Hirsch,* 831 F. Supp. 1058, 1076-77 (S.D.N.Y. 1993), *rev'd on other grounds,* 32 F.3d 37 (2d Cir. 1994).

Here, the plaintiffs have submitted time records that satisfy the standards, but the defendants have not. The defendants have submitted a letter from counsel Simon Schwarz dated September 12, 2005, which claims that Mr. Schwarz spent three hours on the relevant work. The letter, however, falls short of the requisite support for a fee claim. Thus, the defendants may have until September 30, 2005 to submit additional documentation in support of the fees, including an affidavit of services and contemporaneous time records. Failure to submit the requisite documentation by that date will forfeit the award.

Reasonableness of the Hourly Rates: The lodestar figure should be "'in line with those [rates] prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation.'" *Cruz*, 34 F.3d at 1159 (quoting *Blum v. Stetson,* 465 U.S. 886, 896 n.11 (1984)); *see also Hensley,* 461 U.S. at 433). The "prevailing community" that a district court should consider is usually "'the district in which the court sits,' unless there has been a

showing that 'special expertise of counsel from a . . . [different] district was required.'" *Id.*
(quoting *Polk v. New York State Dep't of Correctional Servs.*, 722 F.2d 23, 25 (2d Cir. 1983)).

In this district, however, where lawyers from the Southern District, New Jersey and Connecticut frequently appear, the undersigned has not restricted fee awards to Eastern District rates. *See, e.g., Tokyo Electron Arizona, Inc. v. Discreet Industries Corp.,* 215 F.R.D. 60 (E.D.N.Y. 2003); *see also New Leadership Comm. v. Davidson,* 23 F. Supp. 2d 301, 305 (E.D.N.Y. 1998) (awarding Southern District rates in Eastern District litigation). Generally, "[a] district court's 'choice of rates [is] well within [its] discretion.'" *Cruz,* 34 F.3d at 1160 (quoting *Cabrera v. Jakabovitz,* 24 F.3d 372 (2d Cir. 1994)).

Here, the plaintiffs seek a rate of $280 per hour for Mr. Saffer (a discounted rate) and $200(a discounted rate) an hour for Ms. Cahill. The defendants seek a rate of $350 an hour for Mr. Schwarz. The court finds the rates to be reasonable.

Reasonableness of Time Spent: Judges should "use their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of the hours spent and rates charged in a given case." *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992). Here, the plaintiffs seek $27,514.47 for preparation of the underlying motion, $2380 for attendance at the oral argument, an additional $560 for preparation of a proposed order that the court requested, and $280 for preparation of the Mr. Saffer's affidavit in support of the fee award, for a total fee application of $30,332. Although the court can consider post-hearing submissions, here it declines to do so and will consider the amount sought to be $29,492.

As noted in the order of September 1, the awards of costs and fees is "subject to an analysis of how successful each party was" on the motions that led to the fee awards, and, as a

threshold issue, the court must review the fees in that context. The plaintiffs' motion had three parts: (1) for Rule 11 sanctions, (2) to quash subpoenas, and (3) for a finding of abuse of process. The plaintiff was successful on grounds two and three, but not on ground one. Thus, the court will consider the motion to have been two-thirds successful[1], and the fee amount sought will be cut by one third. This results in consideration of $19,661[2] as the amount sought.

The court finds the number of hours spent here to be quite high. Practical experience teaches that some overlap of efforts often occurs in litigation such as this, and greater economy of time might have been used. To reflect this, the court will, exercising its discretion, further reduce the award by 25%. *See Carey,* 711 F.2d at 1146 (noting that courts have "endorsed percentage cuts as a practical means of trimming fat from a fee application"); *M.L. v. Board of Ed.*, 2003 U.S. Dist. LEXIS 3473, at *13-14 (reducing total award by ten percent); *Envirosource, Inc. v. Horsehead Resource Dev. Co.,* 981 F. Supp. 876, 884 (S.D.N.Y. 1998) (reducing total number of hours by 25%); *see also Lunday v. City of Albany,* 42 F.3d 131, 134 (2d Cir. 1994) (district court not required to "set forth item-by-item findings concerning what may be countless objections to individual billing items") (*per curiam*). This results in an award of $14,745.75 in attorney's fees.

The plaintiff also seeks costs in the amount of $471, including amounts for travel, fax services and telephone and postage expenses. Instead of separately analyzing the costs, the court will round up the amount of attorney's fees to $15,000 to reflect a reasonable award for both fees

---

[1]Sanctions were awarded on the abuse of process prong of the motion, but those sanctions are separate from the awards of fees and costs.

[2]One third of $29,492 is $9830.66. $29,492 minus $9830.66 is $19,661.34.

and costs.

Dated: Central Islip, New York       **SO ORDERED:**
September 21, 2005       s/ William D. Wall
       WILLIAM D. WALL
       United States Magistrate Judge