UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FOX INDUSTRIES, INC., et al.

                        Plaintiff(s),         **ORDER**
                                                                      CV 03-5166 (TCP) (WDW)

    -against-

LEONID GUROVICH, et al.,
                        Defendant(s).
----------------------------------------------------------------X
**WALL, Magistrate Judge:**

      Before the court is the defendants' motion for reconsideration of the undersigned's September 1, 2005 Order. The motion [#207] is denied. The court has considered the arguments set forth by the defendants and adheres to the rulings in the earlier order for the reasons stated therein, with the limited clarifications set forth herein.

      Also before the court is the defendants' motion to correct or amend, seeking reinstatement on the docket of "objections" to a non-existent "report and recommendation," filed by the defendants on September 15, 2004 and deleted by the Clerk of the Court on September 19, 2005, as duplicative of the motion for reconsideration. That motion [#215] is also denied, because the defendants' right to appeal the undersigned's September 1st order is preserved without the necessity of reinstating the former entry.

**Motion for Reconsideration**

      To succeed on a motion for reconsideration, a movant must show that "the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." Local Civil Rule 6.3. "The standard for granting a motion for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be

expected to alter the conclusion reached by the court.'" *L.I. Head Start Child Development Services, Inc. v. Kearse,* 96 F. Supp. 2d 209, 211 (E.D.N.Y. 2000) (quoting *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 256-57 (2d Cir. 1995)). A motion for reconsideration is not an opportunity to present facts that were known to the party on the earlier motion, nor new legal theories in place of the ones used earlier that did not prevail. *See id.* at 211-212; *see also PAB Aviation, Inc. v. United States,* 2000 U.S. Dist. LEXIS 12201 at *2-3 (E.D.N.Y. 2000). "Nor may the party merely reiterate or repackage an argument previously rejected by the court; that argument is for appeal." *PAB Aviation,* 2000 U.S. Dist. LEXIS at *2-3.

With those standards in mind, the court notes that it has considered the arguments set forth by the defendants and finds that they do not set forth any new facts or arguments that require the undersigned to alter the earlier rulings.[1] The court will, however, briefly address some of the issues raised by the defendants.

First, the defendants argue that the court failed to specify any authority for the sanction requiring defendants to pay costs and fees to the plaintiff on the motion to quash, citing a Second Circuit case requiring that the district court "specify the sanctionable conduct and the authority for the sanction." Def's Mem. in Supp. at 6 (citing *United States v. International Bd. of Teamsters*, 948 F.2d 1338, 1346 (2d Cir. 1991)). The court notes that the plaintiff's motion to quash is more precisely described as a motion for a protective order, and that the subpoenas are subject to sanctions pursuant to Federal Rule of Civil Procedure 26 (c), which incorporates the

---

[1] The court notes that the defendants' arguments relying on the Second Amended Complaint are irrelevant to the original motion, to the September 1st order, and to this motion for reconsideration, inasmuch as that complaint was not filed until after the original motions were made. That complaint was not considered by the court in the September 1, 2005 order and will not be considered here.

provisions of Rule 37(a)(4) to an award of expenses incurred in relation to a motion for a protective order; pursuant to Rule 26 (g)(3); and pursuant to the inherent powers of the court. All three sources of authority support the award of costs here. Moreover, the court found, and continues to find, that the defendants' conduct was not substantially justified.

As to the sanctions for abuse of process, the court finds that the defendants and their attorney had more than adequate notice and opportunity to be heard.

Finally, the defendants argue that the court failed to order the plaintiff to "give a non-evasive response and produce documents required by defendant's document request." Def's Mem. in Supp. at 15. Indeed, in their Reply Memorandum, the defendants accuse the court of having not simply overlooked this detail, but of having "more likely, deliberately ignored" it. Def's Reply Mem. at 19. Needless to say, the court did not deliberately ignore anything, nor will it alter the earlier ruling. As defense counsel himself observes, determination of the allegation that Fox's answers are evasive requires examination of the demand and the responses, which were not before the court on the earlier motions.

The other issues raised by the defendants in the motion for reconsideration are addressed in the September 1st order and will not be revisited here. The motion is denied.

### Motion to Correct or Amend

On September 15, the defendants docketed both the above motion for reconsideration and "objections" to a "report and recommendation." The two sets of papers were, in substance, identical. The Clerk of the Court, on the suggestion of the undersigned, deleted the objections as duplicative of the motion for reconsideration, and as improper insofar as there is no report and recommendation currently pending before Judge Platt on the issues objected to. The defendants

3

now argue that the objections were intended as an appeal to Judge Platt of the September 1st order pursuant to Federal Rule 72(a), and that they were forced to docket the appeal as objections to an R&R because of the ECF's system's "design incompetence." Defense counsel also argues that nothing in the Federal or Local Rules tolls the ten day deadline for appealing a magistrate judge's order to the district judge pursuant to Federal Rule of Civil Procedure 72(a) where the party has also made a motion for reconsideration to the magistrate judge, and that they simultaneously filed both documents to preserve their right to appeal.

As a threshold matter, Mr. Schwarz is quite wrong in alleging that a flawed ECF system is to blame for his mis-docketing. The "Appeal Documents" menu includes a choice of "Appeal Magistrate Decision to the District Court," precisely the event that he was attempting to docket. Defense counsel is once again warned that if he is confused regarding docketing matters, he should seek the assistance of the Clerk's Office and seek additional training.

Moreover, it is unnecessary for the objections to be reinstated in order to preserve the defendants' right to appeal. While neither the Federal nor the Local rules expressly address this issue, courts in the Southern District, which are governed by the same Local Rules as the Eastern District with some limited exceptions, have found that "during the pendency of a motion for reconsideration before a magistrate judge, the time for filing an objection to the District Court is tolled." *Norex Petroleum Ltd. v. Access Indus., Inc.*, 2003 WL 21872389, at *1 (S.D.N.Y. Aug. 7, 2003) (citing *Yurman Design, Inc. v. Chaindom Enterprises*, 2000 WL 1871715, at *1 (S.D.N.Y. Dec. 20, 2000); *EEOC v. Venator Group Speciality, Inc.*, 2001 WL 246376, at *4 (S.D.N.Y. Mar. 12, 2001)). As a practical matter, it would make no sense for a District Judge to decide an appeal pursuant to Rule 72(a) while the order in question was still under consideration

by the Magistrate Judge, who might change all or some of the order on reconsideration.

The motion to reinstate is thus denied.

Dated: Central Islip, New York  
       October 5, 2005

**SO ORDERED:**  
s/ William D. Wall  
WILLIAM D. WALL  
United States Magistrate Judge