UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
FOX INDUSTRIES, INC., et al.

                                  Plaintiff(s),         **ORDER**
                                                                 CV 03-5166 (TCP) (WDW)

      -against-

LEONID GUROVICH, et al.,
                                Defendant(s).
-------------------------------------------------------------X

**WALL, Magistrate Judge:**

**<u>The Motion for Reconsideration:</u>**

Before the court is the defendants' April 5th motion for reconsideration [#261] of the undersigned's Order of March 21, 2006 [#257), which denied the defendants' second request for an extension of time to file papers in opposition to the plaintiffs' pending motion for sanctions [#245]. The motion for reconsideration is denied.

First, the motion is untimely. Local Rule 6.3 requires that motions for reconsideration be served within ten days of the docketing of the order to be reconsidered. Here, the order was docketed on March 21. Using the computation of time rules set forth in Federal Rule of Civil Procedure 6, any motion for reconsideration of the March 21 Order would have been due no later than March 4. The defendants' motion was filed on March 5, and there is no indication that it was "served," the act required by Local Rule 6.3, any earlier by any means other than electronic filing. Thus, it is untimely. Moreover, there is no merit to the motion.

As the defendants accurately quote from an earlier order of the court, to succeed on a motion for reconsideration, a movant must show that "the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." Local Civil Rule 6.3 "The standard for granting a motion for reconsideration 'is strict, and reconsideration will generally be

denied unless the moving party can point to controlling decisions or data that the court overlooked - matter, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *L.I. Head Start Child Dev't Servs., Inc. v. Kearse,* 96 F. Supp. 2d 209, 211 (E.D.N.Y. 2000) (quoting *Schrader v. CSX Transp., Inc.,* 70 F.3d 255, 256-57 (2d Cir. 1995)). Here, the court overlooked neither controlling decisions nor factual matters.

The procedural background of the motion for reconsideration is as follows. The plaintiffs filed a motion for sanctions on March 3, 2006. [#245] On March 7, 2006, defense counsel, Simon Schwarz, made a first motion [#248] for an extension of time to file opposition and to cross move. The court granted that motion [#249] and established a briefing schedule, which directed that the defendants should file and serve opposition to the plaintiffs' motion, along with any cross motion, by March 17, 2006; the plaintiffs should file and serve a reply to the opposition, along with their opposition to the cross motion, by March 29, 2006; and the defendants should file their reply to the plaintiffs' opposition to the cross motion by April 5. At 11:39 p.m. on Friday, March 17, the date their opposition and cross motion were due, the defendants filed instead their second motion for an extension of time [#254]. At 9:22 p.m. on Monday, March 20, 2006, before a decision was rendered on the second motion for extension of time, the defendants filed their opposition and cross motion papers. [#256] The following day, the court denied the second request for an extension of time and rejected the papers as well on a separate ground - failure to comply with the undersigned's Individual Rules about the length of briefs. [#257] It is that ruling that the defendants ask the court to reconsider.

Mr. Schwarz seems to assume that as long as he makes a motion for an extension on the

day that a submission is due[1], the court will accept his reasons as good cause for the extension. Here, that assumption was so strong that Schwarz went ahead and filed his papers late without allowing time for any opposition from his adversary and without getting a ruling on the motion for an extension. Schwarz's presumption was misplaced.

The first ground that Schwarz advanced for a second extension was the necessity of filing briefs in regard to motions to dismiss now pending before Judge Platt. It is unclear why those filings would necessitate a second extension in regard to the sanctions motion. Schwarz knew full well when he requested the first extension that he would have to file those briefs in opposition and could have requested a longer extension on the sanctions motion in the first place. Presumably, this reason is linked with his second ground for a second extension - his recent illness, which involved brain surgery.

Schwarz states that he is recovering well, but not yet well enough to "yield the kind of legal output . . . that this case often requires." 3/17/06 Letter [#254] at 2. The court of course sympathizes with Mr. Schwarz's illness, and acknowledges that it was quite serious, but it will not necessarily provide a basis for every extension that Schwarz might seek. If Schwarz's health is such that he cannot continue with the representation of his clients in a timely manner, he should consider withdrawing as counsel.

Schwarz's third reason for the second extension, that the "onslaught of the Sabbath"

---

[1] In his letter of March 17 requesting the second extension, Schwarz states that "Two previous motions have been made previously for the relief requested herein and not yet ruled upon." [#254 at 2] The court is unaware of any such requests. The first request for an extension of time for the defendants to oppose the sanctions motion and cross move, docket # 248, was granted by docket # 249. The second request, docket # 254, was denied by docket # 257. Perhaps Mr. Schwarz is confusing his motions to Judge Platt for extensions with his motions to the undersigned.

made it impossible for him to finish the cross-motion on time, is one that he has also raised in the past. [#254 at 2] The "onslaught" of the Sabbath can hardly come as a surprise to Mr. Schwarz, as it does not to the hundreds or thousands of observant attorneys who are able to timely complete their work despite the demands of their religious observances. While the court is respectful of and flexible about requests for extensions or adjournments for religious reasons, such reasons cannot become the pattern in a particular case with a particular attorney.

In the motion for reconsideration, Schwarz does not even mention the alternative ground for rejecting his papers - his failure to adhere to the undersigned's Individual Rules despite the court's very specific warning that failure to do so would result in rejection. The papers would have been rejected for that reason alone, even if they had been timely filed.

In sum, the motion was not timely, the court is well aware of the law applying to requests for extensions, the court fully considered Schwarz's reasons on the original application, and it will not reconsider or vacate the earlier order.

**The Plaintiffs' Motion for Sanctions:**

Despite the denial of the motion for reconsideration, however, the court has determined that the sanctions motion, which could result in the imposition of very serious sanctions, cannot and should not be decided without opposition from the defendants and a reply from the plaintiff. Thus, the defendants are directed to file and serve, with a hard copy to the court, papers in opposition to the sanctions motion no later than **May 3, 2006.** That date takes into consideration the upcoming Passover holiday, and no further extensions will be allowed. Reply papers, along with opposition papers if the defendants make a cross motion, shall be filed and served by **May 10, 2006**. And, if the defendants have made a cross motion, they may file a reply to the

4

opposition no later than **May 17, 2006.  ALL FILINGS MUST BE COMPLETED BY 5:00 P.M. ON THE RELEVANT DATES.**  Any papers that do not comply with the undersigned's Individual Rules in Effect as of December 15, 2006 will be rejected and no further opportunity to file such papers will be afforded.

Among other issues, Mr. Schwarz should address the question of why the court should not, at the least, order his withdrawal and/or disqualification from the case, based not only on the letters sent to the non-parties regarding the February 14 subpoenas, but the effect on this litigation of his cumulative behavior during the prosecution of this lawsuit.  Both parties should address the issue of whether Schwarz did, in fact, fax a copy of the letter to Saffer's firm, with appropriate affidavits and/or documentary support.  Finally, both attorneys shall frame their arguments based on the law and relevant facts, without resort to name calling, personal attacks, or overblown rhetoric intended to inflame the other side.

In this regard, the court notes that Schwarz has turned his illness into yet another basis for personal attacks on his adversary, plaintiffs' counsel Michael Saffer.  In a letter opposing the defendants' requests for extensions of time on the matters pending before Judge Platt, Saffer referred to Schwarz's "illness dating back to October 2005." *See* #250 at 1.  Schwarz branded this reference as cruel, apparently because it did not sufficiently reflect the severity of his illness, which, Schwarz continued, is only to be expected from Saffer, who Schwarz describes as "a selfish attorney who works virtually full time for a 'money machine'" intent on destroying the Guroviches.  That personal attack was not only unprofessional, but also, for lack of a better word, absurd.  It is entirely unnecessary and would be completely inappropriate for Saffer to describe details of his adversary's illness if he must refer to it at all.

5

Schwarz's overreaction is illustrative of the tone that most of Schwarz's submissions to the court take, and reflects the deplorable level to which the adversarial process in this matter has sunk. Nor is Mr. Saffer innocent of inappropriate commentary. In his letter dated March 20, 2006, Saffer referred to Mr. Schwarz's "typical selfish way." [#255 at 2] Mr. Schwarz's submissions, however, far outdo Mr. Saffer's in the rhetoric of vicious personal attack and the court has had enough of it.

Dated: Central Islip, New York
       April 12, 2006

**SO ORDERED:**

<u>s/s William D. Wall</u>
WILLIAM D. WALL
United States Magistrate Judge