UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FOX INDUSTRIES, INC.,
and CHARLES E. RICHARDSON,

                Plaintiffs,                CV-03-5166 (TCP)

   -against-                      **MEMORANDUM** and
                                              **ORDER**

LEONID GUROVICH, a/k/a LEO GORE,
CYNTHIA GRACEFFO, DELTA BALLS, LLC,
STR INDUSTRIES, LLC, TITON INDUSTRIES,
LLC, JOHN DOES 1-100, fictitious persons, and
XYZ CORPS. 1-100, fictitious entities,

                Defendants.
----------------------------------------------------------------X
LEONID GUROVICH, a/ka/ LEO GORE, and
STR INDUSTRIES, LLC,

                Counter/Third Party Plaintiffs,

   -against-

FOX INDUSTRIES and CHARLES RICHARDSON,

                Counter Defendants,

and
FOX CORPORATE INVESTMENTS, LTD. and
ROBERT MANN,

                Third Party Defendants.
----------------------------------------------------------------X

PLATT, District Judge

        Before the Court are defendants/third party plaintiffs' ("defendants") objections

to certain rulings in U.S. Magistrate Judge Wall's Order issued on October 6, 2006 (the

"Order"). For the following reasons, Magistrate Judge Wall's rulings are AFFIRMED in all

respects.

## BACKGROUND

The events which led to U.S. Magistrate Judge Wall's Order relate to three subpoenas served by the plaintiffs on non-parties Kramer Industries, Inc., Great Lakes Industries, Inc., and Quicken Loans, Inc., with which defendants' counsel improperly interfered. A full account of the facts relating to these subpoenas is set forth in U.S. Magistrate Judge Wall's Order, and will not be repeated at length here. In short, defendants' counsel wrote letters to the subpoenaed parties, advising them that the subpoenas were "null" and "void" as a matter of law and that the recipients "may not comply with [the] illicit subpoenas..." (Order at 15-16).[1] The letters asserted that the defendants would "immediately" move to quash the subpoenas and seek sanctions against the plaintiffs, and "ask[ed] that you respectfully not produce any such documents sought until such time as the [defendants] have had the opportunity to challenge and quash" the subpoenas. Despite their assertions, defendants did not "immediately" move to quash the subpoenas or otherwise communicate with the Court about the same.

Defendants succeeded in their inappropriate attempt to block the subpoenas: none of the three subpoenaed parties complied with it. In response to defendants' actions, plaintiffs moved for sanctions, (including to disqualify defense counsel Simon Schwarz) to strike defendants' answers, counterclaims, and defenses, and to strike certain "Notices" entered by the defendants on the Court docket via the Court's ECF[2] system. Magistrate Judge Wall sanctioned

---

[1] The proper avenue, of course, should have been to move this Court to quash the subpoenas pursuant to Fed.R.Civ.Pro. 45.

[2] ECF is the federal courts' case management and electronic case files system.

defense counsel Simon Schwarz by ordering him to pay $1,000 for each letter sent to the subpoenaed parties, for a total of $3,000, directly to the Court for usurping the Court's authority, and directed defendants to pay plaintiffs' reasonable costs and attorneys' fees associated with their motions. Magistrate Judge Wall also ordered the Court clerk to strike certain "Notices" filed by the defendants on ECF, but declined at that time to enter the rest of the sanctions sought by plaintiffs. (Order at 2)

Consistent with their prior practice before this Court, defendants have filed untimely objections to the Order. (See, e.g., Order at 5-6) Defendants' opposition is more a barrage of baseless accusations and epithets directed at the Court, than a substantive and meritorious objection to the Order, and blatantly ignores Magistrate Judge Wall's numerous admonitions that defendants refrain from personal attacks of any nature.[3] Although untimely, this Court will consider the "substance" of defendants' arguments.

The defendants raise four objections to Magistrate Judge Wall's Order: (1) the imposition of a $3,000 sanction on defendants' counsel Simon Schwarz for usurping the Court's

---

[3]For example, defendants make the following derogatory statements in their opposition papers: (1) Judge Wall "has demonstrated a thinly disguised personal animosity towards the defendant Gurovich and the undersigned counsel, has repeatedly abused his discretion in ruling on discovery matters...and by engaging in an extensive and ongoing pattern of vindictive and intimidating conduct in unreasonably sanctioning defendants and the undersigned counsel and smearing their reputation in the industry to make it impossible to have a fair and impartial trial before a jury; (2) Judge Wall has a "biased and tarnished view of the facts"; (3) the parties "Joint Discovery Plan filed electronically prior to the Initial Rule 16 Scheduling Conference...was mysteriously deleted by the Court clerk from the docket sheet"; (4) "All this [sic] personal accusations...have been sustained by Mag. J. Wall, in contravention of the law, the obvious evidence and common sense"; (5) Judge Wall has "uncontrolled animosity towards the defendants and their attorneys"; (6) Judge Wall "has engendered irrational and vindictive rulings...and aided and abetted [plaintiffs and their attorney]; (7)"These findings are not only biased and irrational; they are absurd," and (8) Judge Wall issued a ruling that is "preposterous and blatantly biased beyond bounds."

3

authority based on three letters sent by attorney Schwarz to the subpoenaed parties, as well as the award for attorneys' fees and costs to plaintiffs in connection with their motion triggered by defendants' improper interference with the subpoenas, are irrational, vindictive rulings, in contravention of applicable law; (2) the striking of certain "Notices" entered by defendants on the Court docket is irrational, vindictive, and in contravention of applicable law and must be vacated; (3) the denial of defendants' motion for costs and attorneys' fees as discovery sanctions and their cross-motion pursuant to 28 U.S.C. §1927 seeking to sanction the plaintiffs for unreasonably and vexatiously multiplying the proceedings is an abuse of process and must be vacated; and (4) the Court's new discovery procedures applied to the defendants in this case are a gross abuse of discretion and must be reversed.  We will address each objection in turn, cognizant of the principle that "[a] trial court enjoys wide discretion in its handling of pre-trial discovery, and its rulings with regard to discovery are reversed only upon a clear showing of an abuse of discretion."  Cruden v. Bank of New York, 957 F.2d 961, 972 (2d Cir. 1992)

## DISCUSSION

1. <u>The imposition of a $3,000 fee for usurping the Court's authority and the award to plaintiffs for reasonable costs and attorneys' fees</u>

Magistrate Judge Wall imposed a $3,000 fee on defense attorney Simon Schwarz for improperly interfering with the non-party subpoenas, and also awarded reasonable costs and attorneys' fees to the plaintiffs in connection with their motions related to defendants' interference with the subpoenas.  We find that Magistrate Judge Wall's sanctions were appropriate, proper, and reasonable.

Defendants' improper interference with the three subpoenas constituted an abuse

of process subject to sanctions.  See Cook v. Sheldon, 41 F.3d 73 (2d Cir. 1994).[4]  Only a Court has the power to rule on the validity of a subpoena.  United States v. Sanders, 211 F.3d 711, 720 (2d Cir. 2000).  Defendants attempted to usurp the Court's authority by writing to the subpoenaed parties instructing them that the subpoenas are "null" and "void" as a matter of law and should not be complied with.  The sanctions by Magistrate Judge Wall were correctly imposed based not only on abuse of process grounds, but also pursuant to the inherent power of the Court to manage its affairs, which the Second Circuit has recognized exists.[5]  DLC Mgmt. Corp. v. Town of Hyde Park, 163, F.3d 124 (135-36) (2d Cir. 1998), citing Roadway Express, Inc. v. Piper, 447 U.S. 752, 764 (1980).

Magistrate Judge Wall imposed on defendants' counsel for attempted usurpation of judicial power a modest $1,000 fee for each improper letter addressed to the non-parties, for a total of $3,000.  Recent Second Circuit authority confirms that this sanction is proper.  See Patsy's Brand, Inc. v. I.O.B. Realty, Inc., 317 F.3d 209, 222 (2d Cir. 2003) (affirming the lower court's decision to sanction the defense attorney by imposing on him a $5,000 fine, payable into the registry of the court, pursuant to 28 U.S.C. § 1927, for his misconduct in making an improper

---

[4]An abuse of process claim has three elements: (1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective that is outside the legitimate ends of the process.  Cook, 41 F.3d at 80.  Magistrate Judge Wall found all three elements to be present here.

[5]Generally, courts have required a finding of bad faith for the imposition of sanctions under the inherent power doctrine.  See United States v. Int'l. Bhd. of Teamsters, 948 F.2d 1338, 1345 (2d Cir. 1991).  Magistrate Judge Wall found that Schwarz' letters to the non-parties directing them not to comply with the subpoena were "'clear evidence' of bad faith and vexatious behavior, evincing a deliberate effort to usurp the authority of the court." (Order at 18)

motion to sanction the plaintiff).  Moreover, in this case, which is replete with disobedience by defense counsel of the Court's orders, the fees for attempted usurpation of judicial power may be said to have a coercive effect in that they should serve as a restraint on future violations of this Court's orders.  Additionally, we find that Magistrate Judge Wall's award to plaintiffs for attorneys' fees and costs is proper.

> 2. The striking from the Court docket of "Notices" related to Schwarz's wrongful interference with the subpoena process

In response to Schwarz's improper interference with the non-party subpoenas, the plaintiffs filed a motion asking for sanctions.  Magistrate Judge Wall set forth a briefing schedule concerning plaintiffs' motion.  (Order at 7)  In violation of the briefing schedule, defendants filed additional "Notices" after the deadline expired.  Magistrate Judge Wall found defendants' "Notices"(entered as docket entries 279, 280, 281, and 283) to be unauthorized sur-replies to the plaintiffs' motions, and ordered them stricken from the record.   His decision was correct and is affirmed.

It is well-settled that a Court has broad discretion to manage its docket.  Clinton v. Jones, 520 U.S. 681, 706 (U.S. 1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); Whiting v. Lacara, 187 F.3d 317, 320 (2d Cir. 1999) (as a general rule, "we are very reluctant to interfere with district judges' management of their very busy dockets.") Here, Magistrate Judge Wall had specifically set a briefing schedule for the parties with respect to plaintiffs' motion for sanctions.  Defendants filed their opposition papers and plaintiffs filed their reply papers in compliance with Magistrate Judge Wall's briefing schedule.  However, defendants filed additional "Notices" after plaintiffs had served their reply papers and in violation of Magistrate Judge Wall's briefing schedule.

Magistrate Judge Wall properly found the defendants' "Notices" to be unauthorized sur-replies to plaintiffs' motions and ordered them stricken from the record.

        3.      <u>The denial of defendants' motion for costs and attorneys' fees as discovery sanctions and their cross-motion pursuant to 28 U.S.C. § 1927 for unreasonably and vexatiously multiplying the proceedings</u>

Defendants ask for a reversal of Magistrate Judge Wall's decision (i) denying defendants' motion for costs and attorneys' fees as discovery sanctions in connection with their motion for a protective order or to quash the three non-party subpoenas, and (ii) denying defendants' cross-motion under 28 U.S.C. § 1927 seeking sanctions for plaintiffs' requests to strike defendants' "Notices" (discussed supra at 6-7), and for other motions filed by plaintiffs, which purportedly had the effect of unreasonably and vexatiously multiplying the proceedings. The defendants make no substantive arguments in their Objections memorandum why Magistrate Judge Wall's rulings should be reversed, but instead direct this Court to defendants' unspecified "underlying motion." This procedure is improper, and is most likely used by the defendants to avoid compliance with Magistrate Judge Wall's page-limit rule for motions.[6] Nevertheless, we have considered the arguments previously made by the defendants and we affirm Magistrate Judge Wall's decision in all respects.

        The defendants moved on various grounds for a protective order or to quash three subpoenas served by the plaintiffs on three non-parties: Kramer Industries, Inc., Great Lakes Industries, Inc., and Quicken Loans, Inc. Magistrate Judge Wall properly found that the defendants had standing to raise Rule 45's notice requirement directing a party issuing a

---

[6]In light of the fact that the defendants have wasted five pages in their opposition memorandum with derogatory and baseless remarks directed at the Court, it is not surprising that they are unable to meet Magistrate Judge Wall's page-limit requirement.

subpoena to "provide prior notice to all parties to the litigation," and ruled that although plaintiffs failed to comply with it, defendants were not prejudiced.[7] (Order at 21-22)

Additionally, Magistrate Judge Wall correctly rejected the defendants' argument that the plaintiffs' failure to request in the subpoenas that an appearance was required signified deceit, because the subpoenas required only the production of documents. (Order at 22-23) Finally, Magistrate Judge Wall found the Kramer and Great Lakes subpoenas to seek relevant material, but granted defendants a protective order on the Quicken subpoena, given the potentially irrelevant personal information that the Quicken subpoena called for. (Order at 24-25) Magistrate Judge Wall also granted reasonable fees and costs to the defendants on their cross motion for a protective order in so far as it concerned the Quicken subpoena, but failed to impose other sanctions on the plaintiffs. This award was not improper and will not be reversed.

Also proper was Magistrate Judge Wall's order concerning the defendants' motion for sanctions pursuant to 28 U.S.C. § 1927, which accused the plaintiffs of unreasonably and vexatiously multiplying the proceedings in this action. Magistrate Judge Wall denied the motion, noting that "[i]f an attorney in this action has unreasonably or vexatiously multiplied the proceedings so as to cause excessive costs, that attorney is not Mr. Saffer." (Opinion at 25)

Sanctions under 28 U.S.C. § 1927 may be imposed only if there is a finding of conduct constituting bad faith. See Patsy's Brand, Inc. v. I.O.B. Realty, Inc., 2001 WL 1154669, at *3 (S.D.N.Y. 2001), aff'd, 317 F.3d 209 (2d Cir. 2003). We find that the defendants

---

[7]Magistrate Judge Wall found that, as in Seewald v. IIS Intelligent Info. Sys., Ltd., 1996 U.S. Dist. LEXIS 22497, at *14 (E.D.N.Y. Oct. 16, 1996), defendants were not prejudiced by the lack of prior notice since "the documents were not produced before (1) Schwarz took matters into his own hands and directed the parties not to produce them, and (2) the motion for a protective order was made." (Order at 22)

made no showing of bad faith on plaintiffs' part in connection with their motion to strike defendants' Notices, which Magistrate Judge Wall correctly found to be unauthorized sur-replies and ordered them stricken from the record, see supra at 6-7. We find similarly unavailing the defendants' assertion that the plaintiffs have overall unreasonably or vexatiously multiplied the proceedings, and agree with Magistrate Judge Wall's statement (above) in that regard.

4. The Court's directive to the parties to submit a discovery statement

In his October 6, 2006 Order, Magistrate Judge Wall further directed the parties to "simultaneously submit a statement of the discovery that they believe remains to be conducted and why it is needed." (Order at 26) The statement was designed to serve as a "straightforward statement of the discovery sought, including the non-party subpoenas, and the reasons why such discovery is needed." (Order at 26) Magistrate Judge Wall set a strict deadline by which the parties must file the list. (Order at 26)

Defendants take issue with this directive, as well as with Magistrate Judge Wall's statement elsewhere in his Order that "the only way to stop the waste of judicial resources that this lawsuit has involved is to finish discovery as quickly as possible and to have the case go to trial, where a jury can assess the truthfulness of the parties and find accordingly."[8] (Order at 20). In short, defendants argue that Magistrate Judge Wall's discovery procedures are a "gross abuse of discretion." Contrary to defendants' assertions, we find no abuse of discretion in Magistrate Judge Wall's directive. Given the protracted nature of the litigation in this case, which appears in large part to have been caused by the defendants, Magistrate Judge Wall's

---

[8]We note that Magistrate Judge Wall made this statement as a reason for his "forbearance" when it refused to disqualify Schwarz or to recommend the striking of defendants' answers or third party claims.

9

directive constitutes a proper exercise of his "broad discretion" to manage discovery matters. Cruden, 957 F.2d at 961 (2d Cir. 1992).

## CONCLUSION

Accordingly, we affirm Magistrate Judge Wall's rulings in all respects and find his restraint in dealing with the defense counsel's repeated misbehavior and disobedience to be commendable. Defendants' counsel Simon Schwarz should heed the Supreme Court and the Second Circuit's statements as to respect for a Court and its orders, and the clear warnings against disobeying or interfering with Court orders:

> [an order of the court] must be obeyed...however erroneous the action of the court may be, even if the error be in the assumption of the validity of a seeming, but void law going to the merits of the case. It is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected, and disobedience of them is contempt of its lawful authority, to be punished.

United States v. United Mine Workers of America, 330 U.S. 258, 293-94 (1947) (citations omitted), cited in National Labor Relations Board v. J.P. Stevens & Co., 563 F.2d 8, 23 (2d Cir. 1977); See also Peart v. City of New York, 992 F.2d 458, 463 (2d Cir. 1993) (the Second Circuit holding that "the [district] court did not abuse its discretion in finding that dismissal was necessary both to reform [defense counsel's] conduct [which included refusal to comply with a

court order] and to re-establish the court's authority to manage its calendar," and stating that "[w]e intend our decision today in this case as a sharp warning that counsel may not engage in such conduct with impunity in a United States District Court in this Circuit.")

To put it mildly, defense counsel's conduct in this case before the undersigned and before Magistrate Judge Wall has shown little or no respect for or compliance with the rules and the orders of this Court and will not be tolerated in the future proceedings herein.

/s/ Thomas C. Platt

Thomas C. Platt, U.S.D.J.

Dated: Central Islip, New York

December 13, 2006