```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
FOX INDUSTRIES, INC.,
and CHARLES E. RICHARDSON,

                            Plaintiff(s),              ORDER
                                                       CV 03-5166 (TCP) (WDW)
        -against-

LEONID GUROVICH, a/k/a LEO GORE,
CYNTHIA GRACEFFO, DELTA BALLS, LLC,
STR INDUSTRIES, LLC, TITON INDUSTRIES, LLC,
JOHN DOES 1-100, fictitious persons, and
XYZ CORPS. 1-100, fictitious entities,

                            Defendant(s).
---------------------------------------------------------------X
LEONID GUROVICH, a/k/a LEO GORE, and
STR INDUSTRIES, LLC,
                            Counter/Third Party Plaintiffs,
        -against-

FOX INDUSTRIES and CHARLES RICHARDSON,
                            Counter Defendants,
and
FOX CORPORATE INVESTMENTS, LTD. and
ROBERT MANN,
                            Third Party Defendants.
---------------------------------------------------------------X
```

**WALL, Magistrate Judge:**

Before the court are several motions: (1) plaintiffs' letter motion to strike the defendants' discovery list and deeming further discovery by the defendants waived, with an award of fees and costs [DE #308]; (2) defendants' motion for reconsideration of the stay of discovery ordered by the undersigned on November 13, 2006 [DE#317]; (3) plaintiffs' cross-motion for attorneys' fees and costs [DE#318]; and (4) defendants' Amended Motion for Reconsideration [DE#319]. The court notes that the defendants also purported to make a cross-motion as part of their opposition to the plaintiff's motion to strike [see DE# 315], but did not docket it properly; it thus does not

appear on the court's docket as a motion. For the reasons set forth herein, the plaintiffs' motion to strike the defendants' discovery list and deem further discovery by the defendants waived is granted and fees are awarded. The defendants' motions and purported cross motion are denied, as is the plaintiffs' motion for fees and costs in connection with the defendants' motion for reconsideration.

## DISCUSSION

<u>Plaintiff's Motion to Strike the Defendants' Discovery List</u>

By Order dated October 6, 2006, the undersigned, *inter alia*, directed the parties to submit lists of the discovery they believed to be outstanding in this matter. [DE#293] For reasons set forth in that order, the court specified that:

> The parties shall simultaneously submit a statement of the discovery that they believe remains to be conducted and why it is needed. This list shall include, *inter alia*, drafts of any non-party subpoenas that are anticipated, with an explanation of why the documents or information sought is discoverable. The parties must also include in their discovery lists a statement of whether an expert will be used at trial. **These lists may not exceed three pages, and must be electronically filed no later than 5:00 p.m. on October 30, 2006.** This deadline takes into account all upcoming holidays and it will not be extended. Failure to adhere to this deadline will result in the undersigned's finding that the party who has not complied waives any additional discovery. The attorneys are further directed to abstain from any personal attack on their adversaries or their adversaries' counsel in their submissions and to avoid at all costs histrionic pronouncements on the various perfidies of the other side. The list, in other words, must be a straightforward statement of the discovery sought, including any non-party subpoenas, and the reasons such discovery is needed. Failure to adhere to this directive will result in the rejection of the list and a finding that the offending party has waived the right to additional discovery. Opposition to the adversary's lists will not be accepted. If the court wants commentary it will ask for it.
> The court will rule on whether the discovery sought will be allowed and will impose strict deadlines for the completion of any permissible discovery.

Despite the court's explicit directions to counsel that they must abstain from personal

attacks and histrionic pronouncements, defense counsel Simon Schwarz, in his list, referred to "the Court's multiple one-sided discovery rulings that have conflicted with basic notions of fair play and fundamental unfairness," and to the plaintiffs' "outrageous , useless and totally evasive written responses to defendants' First Request for Production of Documents." Schwarz also accused plaintiffs' counsel, Michael Saffer, of obstructing his client's deposition "with speaking objections and physical gestures." [DE #301]. By letter motion dated November 20, 2006, the plaintiffs moved to strike the defendants' list as violating the express directions set forth in the October 6th order. That motion is granted.

The Order clearly warned the parties that failure to obey the court's directive would "result in the rejection of the list and a finding that the offending party has waived the right to additional discovery." Mr. Schwarz attempts to defend his language by stating that he was directed to abstain from personal attacks on his adversary, not on the court. He also takes the position that his allegations about plaintiffs' discovery responses were not histrionic. The court does not agree. Without regard to Schwarz's commentary on the perfidies of the court, his comments violated both the letter and the spirit of the October 6th order and Schwarz could not have been warned in any plainer terms what the results of his failure to comply would be. The defendants have waived the right to further discovery, and the plaintiffs are awarded $750 in fees and costs for the motion, pursuant to Rule 37. To the extent that the defendants' opposition to the motion purported to be a cross motion for attorneys fees and costs, it is denied.

<u>Defendants' Motions for Reconsideration</u>

The defendants have moved for reconsideration of the court's order of November 13, 2006, staying discovery in this matter by one motion docketed as number 317 and an "Amended

3

Notice of Motion for Reconsideration of Order Staying Discovery" [DE#319]. The court cannot determine precisely what the second filing was meant to amend, but need not dwell on the question, because reconsideration is denied. The defendants failed to file timely opposition to the motion to stay and their argument that their time to oppose did not start to run until after the third party defendant joined in the motion is simply wrong, indeed, approaching frivolity. Defendants had ten days after service of the moving papers in which to oppose and they did not do so. They do not meet the standards for reconsideration, and the stay will not be reconsidered.

<u>Plaintiffs' Cross Motion for Costs and Fees</u>

The plaintiffs have cross-moved for fees on the defendants' motion for reconsideration. The court declines to award fees as no legal basis for such an award is set forth.

Dated: Central Islip, New York
January 19, 2007

**SO ORDERED:**

s/s William D. Wall
WILLIAM D. WALL
United States Magistrate Judge